IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROLANDO JENKINS,

    Petitioner,

v.                            CASE NO. 4:17cv54-RH/CAS

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER OF DISMISSAL

A Florida state court in Hillsborough County convicted the petitioner Rolando Jenkins and sentenced him to prison. He is serving the sentence in a facility in Madison County, Florida. He filed this action in the Northern District of Florida, where Madison County is located, not in the Middle District of Florida, where Hillsborough County is located.

In his petition, Mr. Jenkins explicitly asserted a claim under 28 U.S.C. § 2241, *not* under 28 U.S.C. § 2254. But Mr. Jenkins's entire claim is that he was wrongfully convicted. He asserts he is actually innocent, that his conviction should be vacated, and that he should be released.

The petition is before the court on the magistrate judge's report and recommendation, ECF No. 3, and the objections, ECF No. 4. I have reviewed the issues de novo.

The report and recommendation correctly reaches the following conclusions. First, claims of the kind asserted by Mr. Jenkins can properly be brought only under § 2254, not separately under § 2241 standing alone. Second, a § 2254 petition (like a § 2241 petition) may be filed in the district of incarceration (in this case, the Northern District of Florida) or in the district of conviction (in this case, the Middle District of Florida). Third, the more convenient forum is ordinarily the district of conviction. And fourth, if this case is going to proceed, it should be transferred to the Middle District.

In the objections, Mr. Jenkins says he filed this case under § 2241, not under § 2254, and he says converting this to a § 2254 case would be improper. Mr. Jenkins is, as he correctly notes, the master of his claim. He insists that the petition not be treated as a § 2254 petition and that it be treated instead solely as a § 2241 petition—exactly as labeled in the petition itself. This order accedes to Mr. Jenkins's insistence to treat his petition as arising only under § 2241.

This makes it unnecessary to transfer the petition. Mr. Jenkins would be entitled to relief, if at all, under § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) ("[I]f a state prisoner is in custody pursuant to the judgment

of a State court, his petition is subject to § 2254.") (internal quotation marks omitted).

Based on Mr. Jenkins's insistence that the petition not be treated as a petition for relief under § 2254, it is clear that he is not entitled to relief in this action at all. *See id*. at 1060 ("[B]oth Sections 2241 and 2254 authorize petitioner's challenge to the legality of his continued state custody, but . . . allowing him to file his petition in federal court pursuant to Section 2241 without reliance on Section 2254 would thwart Congressional intent." (internal quotation marks and brackets omitted) (quoting *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001))).

This case therefore must be dismissed and need not be transferred. If Mr. Jenkins asserts otherwise, he may move to alter or amend the judgment that will be entered based on this order.

IT IS ORDERED:

The clerk must enter judgment stating, "The petitioner Rolando Jenkins's petition under 28 U.S.C. § 2241, not under § 2254, for relief against the respondent State of Florida is dismissed for failure to state a claim on which relief can be granted."

SO ORDERED on February 14, 2017.

> s/Robert L. Hinkle
> United States District Judge